NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10106 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-01143-JJT-1 |
| v. | |
| SARAH NICOLE KELLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted September 12, 2023**
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

Sarah Nicole Kelley was convicted on multiple counts of wire fraud in

violation of 18 U.S.C. § 1343 and money laundering in violation of 18 U.S.C.

§ 1957. On appeal, she challenges only four of the wire fraud convictions,

contending that the government failed to present sufficient evidence that the wire

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

transmissions were made for the purpose of executing her scheme to defraud. We affirm.

This court reviews a claim of insufficiency of the evidence de novo. *United States v. Sandoval-Gonzalez*, 642 F.3d 717, 727 (9th Cir. 2011). We must affirm if the evidence, viewed in the light most favorable to the prosecution, "is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

To convict a defendant of wire fraud, the government must prove "(1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud." *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013). "A wire communication is in furtherance of a fraudulent scheme if it is incident to the execution of the scheme, meaning that it need not be an essential element of the scheme, just a step in the plot." *Id.* (simplified).

Kelley seeks reversal of Counts 6–9 of her wire fraud convictions, which encompassed the transmission of Capital Fund's[1] release of interest in four of Kelley's investment properties to the relevant county recorders after Capital Fund received repayments for the loan made to Kelley. Kelley argues that her scheme

---

[1] Capital Fund I and Capital Fund II are two parts of the same business.

was to fraudulently obtain money from victim J.L., and thus the transmission of the release deeds was immaterial to the execution of her scheme.

A rational jury could conclude that Kelley's aim was not only to take J.L.'s money, but also to use that money to pay off her debts to Capital Fund and then sell her newly unencumbered investment properties. After making several misrepresentations to J.L., Kelley caused J.L. to wire $55,000 to Kelley's construction company. Part of this $55,000 was in turn transmitted to Capital Fund. Kelley also caused J.L. to send $130,000 directly to Capital Fund. The total amount obtained from J.L. was enough to pay off Kelley's loan to Capital Fund. And after Kelley regained unencumbered ownership over the investment properties, she sold the properties for her own gain. So a rational jury could conclude that Kelley's scheme was not complete until she obtained unencumbered deeds to her investment properties. Under these facts, the transmission of the release deeds was thus "incident to the execution of the scheme." *Jinian*, 725 F.3d at 960.

**AFFIRMED.**